UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO HILARIO FRANCISCO
FRANCISCO,

                      Petitioner,

   v.

LAURA HERMOSILLO ET AL.,

                      Respondents.

Case No. C25-2738-SKV

ORDER GRANTING REDUCED
EAJA FEES AND DIRECTING
PARTIES TO MEET AND CONFER

This Court granted Petitioner habeas relief upon finding that he was re-detained in violation of the Due Process Clause of the Fifth Amendment. *See* Dkt. 11. Petitioner now moves under the Equal Access to Justice Act ("EAJA") for attorney's fees and costs. *See* Dkt. 14. Respondents oppose. *See* Dkt. 15 at 3–5. For the following reasons, the Court GRANTS Petitioner an award of reduced attorney's fees and DIRECTS the parties to meet and confer regarding a reasonable and supportable fee amount.

## I.     LEGAL STANDARD

"The EAJA provides[] . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
1

make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (citing 28 U.S.C. § 2412(d)(1)(A)).  The Government bears the burden of demonstrating its position was substantially justified.  *See id.* (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).  "The fee applicant bears the burden of documenting the number of hours expended in litigation and must submit evidence in support of those hours worked." *Zavorin v. Wamsley*, No. C26-0173-DGE, 2026 WL 879246, at *2 (W.D. Wash. Mar. 31, 2026) (first citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); and then citing *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992)).

## II.   FINDINGS OF FACT

Petitioner is a native and citizen of Guatemala.[1]  *See* Dkt. 1 at 2.  He arrived in the United States in May 2023 and was detained by Customs and Border Patrol near the southern border in Texas.  *See id.*  He was served with a notice to appear for removal proceedings and then released from custody pursuant to an Order of Release on Recognizance ("OREC").  *See id.* at 2–3; Dkt. 1-2 at 2 (OREC); Dkt. 9-2 at 2 (Notice to Appear).  He subsequently applied for asylum and obtained work authorization.  *See* Dkt. 1 at 4.  The Portland immigration court scheduled his asylum hearing for October 8, 2027.  *See id*; Dkt. 9-4 at 3.

On December 26, 2025, Petitioner was detained by Immigration & Customs Enforcement ("ICE") officers after Respondents mistook him for another individual for whom they were searching.  *See* Dkt. 7 at 2–3; Dkt. 9-4 at 3.  When officers inquired whether he had any status in the United States, Petitioner provided his employment authorization card and admitted he was a citizen of Guatemala and had entered the United States without permission.  *See* Dkt. 9-4 at 3.  Following record checks in the field, which revealed Petitioner's ongoing immigration

---

[1] Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), the Court makes factual findings and "state[s] its conclusions of law as provided in Rule 52(a)" separately.  *See* Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
2

proceedings in Oregon but did not entail review of his A-file, the officers placed Petitioner under arrest for immigration violations. *See id.* at 3–4. Documentation from his arrest asserted that Petitioner had never checked in with ICE after his release, *see id.* at 3–4, which a declaration by a Deportation Officer filed in this matter and Petitioner both refute, *see* Dkt. 8 at 2–3; Dkt. 1 at 4. Petitioner was immediately transferred to an immigration detention center after his arrest and was not afforded notice or opportunity to be heard regarding the alleged noncompliance. *See* Dkt. 8 at 4; Dkt. 1 at 5.

When Petitioner sought habeas relief, Respondents took the position that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b), not discretionary detention under 8 U.S.C. § 1226(a), pursuant to the Board of Immigration Appeals decision *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See* Dkt. 7 at 5–6. While Respondents acknowledged that courts in this District have rejected that position, "f[inding] that the revocation of OREC requires a pre-deprivation hearing to determine if that noncitizen is a flight risk or a danger to the community[,]" they "[r]espectfully" disagreed. *Id..* at 5–7 (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025)). Respondents' cursory briefing did not meaningfully address the due process implications of revoking Petitioner's OREC. *See id.* at 6–7.

This Court, like many others in this District, held that Petitioner was entitled to notice and a hearing before being deprived of his liberty and that Petitioner was therefore in custody in violation of his Fifth Amendment right to due process. *See* Dkt. 11 at 9. The Court granted his petition and ordered his immediate release. *See id.* at 10.

Petitioner now seeks an award of $8,865.00 in attorney's fees plus costs to cover the $5.00 habeas filing fee and $249.00 pro hac vice fee under the EAJA. *See* Dkt. 14-2 at 3. Respondents do not dispute that Petitioner is the prevailing party. *See* Dkt. 15 at 1. They instead

oppose the fees and costs requested on grounds that their statutory construction position was substantially justified, the hours expended on this matter were unreasonable, and the pro hac vice fee is not a recoverable expense.  *See* Dkt. 15 at 2–5.  Petitioner did not file a reply.

III.      CONCLUSIONS OF LAW

The parties agree Petitioner is the prevailing party in a civil action brought against the United States.  *See* Dkt 14 at 4; Dkt. 15 at 1.  There are no special circumstances identified by the parties or this Court that would make an award of attorney's fees under the EAJA unjust.  The only matters pending decision, then, are whether Respondents' position was substantially justified and the amount of any fee awarded.

A.      Substantial Justification

Substantially justified means "the government's position must have a reasonable basis both in law and fact." *Cardozo v. Bostock*, No. C25-0871-TMC, 2026 WL 304491, at *1 (W.D. Wash. Feb. 5, 2026) (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013)).  "The inquiry into . . . substantial justification . . . focus[es] on two questions:  first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).  The first question "by definition concern[s] only the merits of th[e government] action." *Id.*  The second question "encompass[es] the first inquiry to the extent that the government chooses to defend the merits of the challenged action[, but] . . . must also focus upon extraneous circumstances bearing upon the reasonableness of the government's decision to" litigate the case. *Id.*  "[E]xtraneous circumstances bearing upon the reasonableness of the government's decision[,]" include "relevant legal or factual precedents." *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1090 (9th Cir. 2022) (quoting *Oregon Nat. Res. Council v. Madigan*,

980 F.2d 1330, 1332 (9th Cir. 1992)).  "A 'string of losses' or a 'string of successes' can also be an objective indicator of reasonableness." *Id.* (first quoting *Pierce v. Underwood*, 487 U.S. 552, 569 (1988); and then citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 619 (9th Cir. 2005)). Ultimately "[a] position that 'was not contrary to clearly established law' is . . . substantially justified." *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021) (quoting *Li v. Keisler*, 505 F.3d 913, 920 (9th Cir. 2007)).

Here, the government's underlying action had no discernable basis in fact and apparently no process was provided before or after Petitioner was deprived of his liberty.  ICE initially detained Petitioner because it mistook him for a different individual.  After learning he was not the intended target, officers proceeded to take him into custody based only on Petitioner's admission that he was a citizen of Guatemala and entered the United States unlawfully, and a cursory record check that revealed ongoing immigration proceedings and apparently inaccurate information on his check-in compliance.  Petitioner was afforded no process—before or after being re-detained.

"The base requirement of the Due Process Clause is that a person deprived of [a liberty interest] . . . be given an opportunity to be heard at a meaningful time and in a meaningful manner." *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1082 (9th Cir. 2010) (quoting *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 984 (9th Cir. 1998)).  As in other cases that have found re-detention of individuals similarly situated to Petitioner, without notice or opportunity to be heard, violates due process, this case did not announce a new rule.  *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1321–24; *see also Zavorin v. Wamsley*, No. C26-0173-DGE, 2026 WL 309733, *5 (W.D. Wash. Feb. 5, 2026).  Instead, this Court "applied longstanding due-process principles to a change in agency interpretation and

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
5

practice that has been overwhelmingly rejected by federal courts[.]" *Ramirez Tesara v. Hernandez*, No. C25-1723-KKE, 2026 WL 1506097, at *2 (W.D. Wash. May 29, 2026). Respondents fail to demonstrate that Petitioner's case is distinguishable.  The underlying agency action of re-detaining Petitioner after realizing he was not their target, on incomplete information, and without any process whatsoever, was not substantially justified.

In arguing their position was substantially justified, Respondents point only to two circuit decisions that adopted their litigation position on mandatory detention.  *See* Dkt. 15 at 3 (first citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); and then citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)).  Resolution of this matter, like others involving re-detention of individuals previously granted release, rested on the Due Process Clause's requirements and not statutory interpretation, rendering Respondents' observation inapposite. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1323; *cf. United States v. Marolf*, 277 F.3d 1156, 1161–62 (9th Cir. 2002) ("When a party challenges a government action on procedural or due process grounds alone, the merits of the underlying regulation[s] . . . are not proper subjects for our review. . . . [W]e look only to the government's failure to provide notice in determining whether the government's underlying action was substantially justified.").

Respondents have not met their burden to show the underlying agency action, or their litigation position, was substantially justified.  The Court therefore finds an award of fees appropriate and turns to the amount.

B.      Fee Amount

The full fee amount requested by Petitioner is not adequately supported.  One of Petitioner's attorneys ("Counsel") reports expending 5.8 hours preparing the petition, plus an additional 3.8 hours further preparing and filing the petition and an application for leave to

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
6

appear pro hac vice.  *See* Dkt. 14-2 at 3.  It is not clear how that attorney spent 9.6 hours preparing the brief, largely template petition.  Counsel's summary of hours expended do not indicate whether the large blocks of time reported were devoted to research, strategy assessment, document requests, client communications, factual development, or any other tasks specific to this case.  Further, the record and petition filed do not provide any basis for the Court to infer some combination of those tasks reasonably filled the time blocks claimed.  Counsel also represents Petitioner in his immigration proceedings and asserted in his pro hac vice application that he was already familiar with Petitioner's "facts and circumstances."  Dkt. 2 at 2.  Counsel also brought at least two, nearly identical cases in this District in the six months prior to filing this case, as Respondents highlight.  *See* Dkt. 15 at 3–4; *G.S. v. Bostock*, No. C25-1255-JNW-TLF, Dkt. 1 (filed June 24, 2025); *P.T. v. Hermosillo*, No. C25-2249-KKE, Dkt. 1 (filed November 11, 2025).  The petition filed in *P.T.* is nearly identical to the six-page petition filed in this case, and the petition in *G.S.* bears close resemblance.[2]  The main differences are nine, one to three-sentence paragraphs setting out the facts of this case and one paragraph describing Petitioner.  *See* Dkt. 1, 2–5.  It is also unclear how much of those initial time blocks were devoted to preparing an application for pro hac vice admission.  That application was, like the petition, nearly identical to others filed in Counsel's prior matters.  *See G.S. v. Bostock*, No. C25-1255-JNW-TLF, Dkt. 16; *P.T. v. Hermosillo*, No. C25-2249-KKE, Dkt. 6.

---

[2] Counsel did not seek an award of fees in *P.T. v. Hermosillo*, No. C25-2249-KKE, and his motion for EAJA fees in *G.S. v. Bostock*, No. C25-1255-JNW-TLF, remains pending.  While it is not clear that Counsel is seeking compensation for time expended on transferrable work product generated in other cases for which he has not received fees, the Court takes this opportunity to reiterate that "attorneys may not seek compensation for time spent developing a habeas petition template when such template was merely re-used in the instant proceeding; only the time spent dedicated to this proceeding is compensable."  *Segura Serrano v. Scott*, No. C26-1268-LK, 2026 WL 1469639, at *9–10 (W.D. Wash. May 26, 2026) (citing *Eve Nevada, LLC v. Derbyshire*, No. C21-0251-LK, 2022 WL 279030, at *10 (W.D. Wash. Jan. 31, 2022)).

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
7

In view of the substantial similarity between the petition in this case and those in Counsel's prior matters, as well as the large blocks of time billed with vague descriptors, the Court finds that a substantially reduced fee award is appropriate in this case.  Courts in this District have cut fees by twenty percent where, as here, time is recorded in large increments with vague descriptions of the work performed, see *Zavorin v. Wamsley*, No. C26-0173-DGE, 2026 WL 879246, at *2 (W.D. Wash. Mar. 31, 2026), and subtracted attorney hours deemed purely clerical, like e-filing, excessive, or duplicative, *see Y.M.M. v. Wamsley*, No. C25-2075, 2026 WL 809581, at *2 (W.D. Wash. Mar. 24, 2026).

Respondents ask the Court to take a different approach.  They propose that the Court cut any fee awarded to compensation for 20 attorney hours instead of the 34.3 total hours requested by Petitioner.  *See* Dkt. 15 at 5; Dkt. 14-2 at 3.  They assert that 20 hours falls into a range of 18–25 hours and contend that quantity of time is reasonable based on the 18.8 hours authorized in *Zavorin*.  *See* Dkt. 15 at 4; *Zavorin*, 2026 WL 879246, at *2.  Petitioner did not file a reply addressing Respondents' observations regarding the similarity of his petition to prior petitions filed by his counsel or Respondents' fee reduction proposal.

The Court declines to make a finding that reasonable time expended on a habeas matter falls within any particular range.  These cases can be legally and factually complex, and the relevant law is quickly evolving.  However, in view of its concerns about Petitioner's counsel's billing records and its decision to reduce fees, the Court will afford the parties an opportunity to meet and confer regarding a reasonable fee for time expended on this matter before setting a fee amount.

///

///

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
8

IV.      CONCLUSION

Because Respondents' position was not substantially justified, the Court will grant fees in this matter, albeit reduced because of the vague timekeeping record provided by Petitioner's Counsel.  The Parties are DIRECTED to meet and confer regarding a reasonable fee amount in light of this Order.  They shall inform the Court of the outcome of that discussion, and whether any stipulation regarding a fee amount was reached, by **June 23, 2026**.

Petitioner is further directed to supplement his motion with an executed declaration by Petitioner by **June 23, 2026**.  *See* Dkt. 14-1 (unsigned and unexecuted declaration).

Dated this 9th day of June, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING REDUCED EAJA FEES AND
DIRECTING PARTIES TO MEET AND CONFER -
9