UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO HILARIO FRANCISCO FRANCISCO,

Petitioner,

v.

LAURA HERMOSILLO ET AL.,

Respondents.

Case No. C25-2738-SKV

AMENDED ORDER SETTING EAJA FEES AND COSTS AMOUNT

The Court previously granted reduced EAJA fees, in an amount to be determined, and charged the Parties with meeting and conferring regarding a reasonable fee amount. *See* Dkt. 16. The Parties now inform that they were unable to stipulate to a fee amount. *See* Dkt. 20.

As detailed in the Court's prior Order at Docket No. 16, Petitioner did not adequately support the fee amount requested. The petition in this case was nearly identical to petitions filed in Petitioner's counsel's other matters, save for a few paragraphs detailing Petitioner's factual circumstances. After Respondents made that observation in their response, Petitioner did not file a reply to explain the hours claimed.

Because hours related to the preparation and filing of the petition in this matter were not adequately supported, the Court will award fees for four hours of work preparing the petition.

That total reasonably accounts for the work product filed, which is all the Court can look to here. Respondents did not raise substantive challenges to fees requested for Plaintiff's counsel's time spent reviewing their return, preparing a reply, and preparing the motion for EAJA fees. As such, the Court will grant those fees in full. Thus, the total amount of fees to be awarded in this matter are for 28.1 hours, compensable at $258.46 per hour, for a total fee amount of $7,262.73.

The Court also awards the $5.00 filing fee and the $249.00 pro hac vice fee. The EAJA provides that "a judgment for costs, as enumerated in section 1920" may be awarded to a prevailing party. 28 U.S.C. § 2412(a)(1). "Fees of the clerk[,]" including filing fees, are one such cost. 28 U.S.C. § 1920(1); *see Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013). Pro hac vice fees are not. *See Kalitta Air*, 741 F.3d at 958 ("§ 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs."). However, the EAJA does authorize courts to "award . . . fees and other expenses, in addition to" costs enumerated in 28 U.S.C. § 1920. 28 U.S.C. § 2412(d)(1)(A). Other courts in this District have awarded pro hac vice fees under the EAJA's provision for reasonable fees, recognizing they are "expenses typically billed to a client[]" and that "expenses enumerated in the statute [at Section 2412(d)(2)(A)] are 'examples, not . . . an exclusive list.'" *A.C.J. v. Hermosillo*, No. C25-2486-DGE, 2026 WL 1745818, at *5 (W.D. Wash. June 17, 2026) (quoting *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985)); *see also N.S. v. Hermosillo et al.*, No. C26-0161-BAT, 2026 WL 2137794, at *3 (W.D. Wash. Apr. 14, 2026). Consistent with those decisions, the Court grants costs for the $5.00 filing fee and awards the $249.00 pro hac vice fee as a reasonable expense.[1]

[1] Petitioner did not brief, and the Court therefore did not originally consider, whether pro hac vice fees are compensable as "fees and other expenses[.]" 28 U.S.C. § 2412(d)(1)(A). However, following the development of that argument in subsequent cases before this Court, and its agreement with the same, the Court finds it is in the interest of justice to amend the EAJA award in this case.

In sum, Plaintiff is awarded $7,267.73 in attorney's fees and costs under the EAJA, plus $249.00 in reasonable expenses. Payment shall be made directly to Petitioner's attorney of record, Philip James Smith.

Dated this 21st day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge